UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: MARC A. CHRISTIANSEN,

Debtor.

Case No. 25-cv-04987-EKL

KIERSTEN SILVA,

Appellant,

v.

MARC A. CHRISTIANSEN,

Appellee.

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER CONFIRMING CHAPTER 11 PLAN**

Re: Dkt. No. 15

Before the Court is Kiersten Silva's appeal of the final order confirming Marc A. Christiansen's Fourth Amended Plan of Reorganization for Small Business Under Chapter 11 ("Fourth Amended Plan" or "the Plan").[1]  Silva, proceeding pro se, contends that Christiansen owes her $182,000 in unpaid wages and that the bankruptcy court violated her due process rights by confirming the Plan without providing her "proper notice" or the opportunity to be heard.  ECF No. 15 at 7.[2]  For the reasons stated below, the bankruptcy court's confirmation order is **AFFIRMED**.

I.      **PROCEDURAL HISTORY**

On December 19, 2023, Christiansen filed a voluntary petition for Chapter 11 bankruptcy

---

[1] Silva did not appeal the orders in the adversary proceedings.  Nor did those orders merge into the confirmation order.  *Cf. In re RS Air, LLC*, 638 B.R. 403, 408 n.3 (B.A.P. 9th Cir. 2022) (holding that a decision on Subchapter V designation merged into the confirmation order, allowing appellate review).  Thus, the adversary proceeding orders are not properly before the Court.

[2] All citations to page numbers in filings on the docket refer to ECF pagination.

under Subchapter V for small businesses. *In re Christiansen*, No. 23-41661 (Bankr. N.D. Cal.), ECF No. 1.[3] The bankruptcy court automatically set the proof of claim deadline as April 29, 2024. *In re Christiansen*, ECF No. 4. However, the next day, it corrected the proof of claim deadline to February 27, 2024. *In re Christiansen*, ECF entry dated Dec. 20, 2023. Three days after the petition was filed, a notice setting the January 29, 2024 meeting of creditors was mailed to Kiersten Silva, as a listed (albeit disputed) creditor. *In re Christiansen*, ECF No. 11 at 1, 4. That notice also informed Silva of the February 27, 2024 proof of claim deadline. *Id.* A separate notice was mailed on the same day informing her of a status conference on February 2, 2024. *In re Christiansen*, ECF No. 13 at 1, 3. Both of these notices were mailed to Silva at an address in Hayward, California. On January 29, 2024, Silva attended the first session of the meeting of creditors. *In re Christiansen*, ECF entry dated Jan. 30, 2024.

Silva is a former employee of Christiansen. On January 22, 2024, Christiansen filed an adversary proceeding against Silva for return of an email account, which Silva had access to during her employment, and for violation of the automatic bankruptcy stay. *In re Christiansen*, ECF No. 25; *Christiansen v. Silva*, No. 24-04002 (Bankr. N.D. Cal.) ("*Christiansen Adversary Proceeding*"), ECF No. 1. Silva moved to dismiss the complaint for abuse of process and harassment; the bankruptcy court denied the motion. *Christiansen Adversary Proceeding*, ECF Nos. 5, 19. Notice of the denial of her motion to dismiss was mailed to Silva at both her Hayward address and an address in Tracy, California, on May 9, 2024. *Christiansen Adversary Proceeding*, ECF No. 20 at 1. Silva did not participate further in the adversary proceeding, resulting in the entry of default judgment against her on February 27, 2025. *Christiansen Adversary Proceeding*, ECF No. 32. Silva moved to vacate the default judgment, but her motion was denied for lack of service and for failure to notice and set for a hearing. *Christiansen Adversary Proceeding*, ECF Nos. 34, 35.

Silva also filed her own adversary proceeding against Christiansen asserting numerous

---

[3] As the record provided by the parties is limited, the Court takes judicial notice of the bankruptcy court docket. *See In re E.R. Fegert, Inc.*, 887 F.2d 955, 957-58 (9th Cir. 1989); *In re AVI, Inc.*, 389 B.R. 721, 725 n.2 (B.A.P. 9th Cir. 2008).

causes of action, including violation of the automatic stay, wrongful termination, and miscategorization of her wages as a non-priority claim. *In re Christiansen*, ECF No. 37; *Silva v. Christiansen*, No. 24-04012 (Bankr. N.D. Cal.) ("*Silva Adversary Proceeding*"), ECF No. 1. Silva sought a waiver of the filing fee, but the bankruptcy court determined it had no authority to issue such a waiver. *Silva Adversary Proceeding*, ECF Nos. 2, 8. On April 22, 2024, this adversary proceeding was dismissed for failure to pay the filing fee. *Silva Adversary Proceeding*, ECF No. 14. Notice was mailed to Silva at the Tracy and Hayward addresses. *Silva Adversary Proceeding*, ECF No. 15 at 1.

In the lead bankruptcy case, Silva filed a document on October 3, 2024 asking for "a copy of every notice that I was supposed to receive from this court regarding the above referenced bankruptcy case." *In re Christiansen*, ECF No. 57. She drew an arrow to her Tracy address and wrote next to it, "My address!" *Id.* The bankruptcy court docketed this as a notice of change of address. *Id.*

The bankruptcy court set a confirmation hearing on Christiansen's amended Chapter 11 plan for November 15, 2024. *In re Christiansen*, ECF No. 48. On October 11, 2024, Christiansen mailed notice of this hearing to a list of creditors, including Silva at both the Tracy and Hayward addresses. *In re Christiansen*, ECF No. 61 at 2-4. The notice also listed November 8, 2024 as the plan's objection and voting deadlines. *Id.* at 2. Silva did not file any objection. The plan was not confirmed at the November 15 hearing, and further hearings were set for December 20, 2024, and March 7, 2025. *In re Christiansen*, ECF entries dated Nov. 15, 2024, and Dec. 20, 2024. On January 30, 2025, Christiansen filed his Second Amended Plan of Reorganization for Small Business Under Chapter 11 ("Second Amended Plan"). *In re Christiansen*, ECF No. 87. He mailed notice of the Second Amended Plan, the February 28 voting and objection deadlines, and the March 7 confirmation hearing to a list of creditors, including Silva at both the Tracy and Hayward addresses. *In re Christiansen*, ECF Nos. 88, 88-1. Again, Silva did not file any objection.

The Second Amended Plan was not confirmed at the March 7 hearing. Rather, an April 25, 2025 hearing was set to confirm a further amended Chapter 11 plan ("Third Amended Plan"),

3

United States District Court
Northern District of California

with an objection deadline set for April 11. *In re Christiansen*, ECF No. 97. On March 14, Silva filed an "Ex Parte Emergency Motion to Compel Immediate Payment of Pre-Petition Wages." *In re Christiansen*, ECF No. 99. The bankruptcy court denied Silva's motion as procedurally improper on multiple grounds, noting that the relief sought must be through an adversary proceeding; the court mailed notice of the denial to Silva in Tracy on March 23. *In re Christiansen*, ECF Nos. 100, 102. On April 24 and 25, Silva filed a motion to stay confirmation and an objection to confirmation, arguing that procedural issues and improper classification of her debt prevented confirmation. *In re Christiansen*, ECF Nos. 112, 116. Silva did not appear at the April 25 hearing. *In re Christiansen*, ECF No. 124 at 2. A further confirmation hearing was set for May 7, 2025. *In re Christiansen*, ECF entry dated Apr. 25, 2025. On May 6, Christensen filed a Fourth Amended Plan. Silva did not appear at that hearing on May 7. *In re Christiansen*, ECF No. 124 at 2. On May 12, 2025, the bankruptcy court confirmed the Fourth Amended Plan after determining that the Plan did "not adversely affect the rights or treatment of any creditor proposed in the Second Amended Plan" and overruling Silva's objection to confirmation. *Id.* at 2-3.

## II.    ANALYSIS

When reviewing a bankruptcy court's decision, a district court applies the same standard of review as the Ninth Circuit. *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013). The decision to confirm a Chapter 11 plan is reviewed for abuse of discretion. *Id.* at 1045. However, whether a party received due process is reviewed de novo. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009), *abrogated on other grounds by In re Gugliuzza*, 852 F.3d 884, 898 (9th Cir. 2017).

On appeal, Silva argues that a series of "cumulative [procedural] failures . . . render the entire confirmation process void." ECF No. 15 at 9. These purported failures generally center on the Fourth Amended Plan, as she contends that a "rush to confirmation" of that Plan prevented her from receiving notice of the Plan or its associated confirmation hearing, an opportunity to vote on the Plan, and an opportunity to be heard regarding confirmation. *Id.* at 11. She also asserts that she was excluded from hearings and there was "manipulation" of the proof of claim deadline on the docket. *Id.* Finally, she contends that Christiansen committed wage theft, the bankruptcy court improperly withheld her wages, and that Christiansen's attorney improperly filed an

4

adversary proceeding against her. *Id.* at 12. These last contentions are construed as an argument the Plan was improperly confirmed.[4]

### A.   Due Process

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The adequacy of notice is examined "in light of the Bankruptcy Code's statutory requirements, safeguards, and remedies." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). However, not every procedural error deprives a party of due process. *See id.* An appellant must show "prejudice from the procedural deficiencies." *In re King*, 664 B.R. 356, 370 (B.A.P. 9th Cir. 2024).

Silva received the process she was due. As detailed by the procedural history above, Silva was mailed numerous notices about the bankruptcy case, including its claim deadline, proposed plans, objection deadlines, and confirmation hearing dates. *In re Christiansen*, ECF Nos. 11, 13, 61, 88. These notices were provided in accordance with the Bankruptcy Code and its associated rules. *See* 11 U.S.C. §§ 1126 (plan voting), 1128(a) (confirmation hearing occurs "[a]fter notice"), 1193(a) (allowing plan modifications before confirmation); Fed. R. Bankr. P. 2002 (21-day notice of meeting of creditors, plan modification voting, and proof of claim deadline; 28-day notice of plan objection deadline and confirmation hearing), 3017.2 (allowing court to set dates and deadlines in Subchapter V cases), 3018(a) (plan voting), 3019(a) (plan modifications). Even though the docket contained two conflicting deadlines to file a proof of claim, the notice mailed to Silva contained the correct deadline. *See In re Christiansen*, ECF No. 11 at 1, 4. Moreover, Silva never filed a formal proof of claim during the confirmation process that lasted for well over a year.[5] Though Silva contends she did not receive some notices in the mail, due process does not require actual notice but instead notice "reasonably calculated" to reach a party. *See Mullane*, 339

---

[4] Silva's arguments concerning mail theft, defamation, obstruction of her EDD claim, and termination of her PACER account are not addressed as they are not legally relevant to this appeal.

[5] The Court need not consider whether any of the communications between Silva and Christiansen or any of Silva's filings constitute an informal proof of claim. *See In re Barker*, 839 F.3d 1189, 1196 (9th Cir. 2016).

United States District Court
Northern District of California

U.S. at 314. As the relevant documents were largely mailed to both Silva's past and present addresses, she was provided with notice reasonably calculated to reach her.

Silva's failure to receive mailed notice of the final two confirmation hearings or the Third and Fourth Amended Plans considered at those hearings did not deprive her of due process. As a Subchapter V case, some general Chapter 11 procedural rules did not apply. *See* 11 U.S.C. § 1181. Accordingly, the Bankruptcy Code did not appear to require mailed notice of plan modifications. *Compare* 11 U.S.C. § 1127(c) (requiring additional disclosure of modified plans), *with* 11 U.S.C. § 1193 (containing no such requirement for Subchapter V cases).[6]

To the extent that Rule 2002(b)(2) of the Federal Rules of Bankruptcy Procedure required mailed notice of the final two hearing dates, Silva was not prejudiced. First, Silva was aware of the second-to-last hearing. *See In re Christiansen*, ECF No. 116 at 1. If she had attended that hearing, she would have received oral notice of the final confirmation hearing. *See In re Christiansen*, ECF entry dated Apr. 25, 2025. Second, despite being mailed notice that she could vote for or against multiple plans substantially similar to the final plan, she did not vote. Nor did she object to any plan until April 25, 2025, even though numerous objection deadlines had already come and gone. Third, the Fourth Amended Plan's modifications did not "adversely affect the rights or treatment of any creditor proposed in the Second Amended Plan," and Silva received notice of the Second Amended Plan. *See In re Christiansen*, ECF No. 88; *In re Christiansen*, ECF No. 124 at 2. Finally, the bankruptcy court fully considered her belatedly filed objection. *In re Christiansen*, ECF No. 124 at 3. Under those circumstances, any procedural error did not violate Silva's due process rights.

**B.    Confirmation of Plan**

Silva's remaining points are construed as an argument that the Plan was improperly

---

[6] It is not clear whether Rule 2002(b)(2) of the Federal Rules of Bankruptcy Procedure required additional notice given the limited changes to the plan and prior notice of the March 7, 2025 hearing. *Cf.* 7 Collier on Bankruptcy ¶ 1125.02 n.11 (16th ed. 2026) (noting that under 11 U.S.C. § 1127(c), Congress did not intend to require additional disclosure of "sufficiently minor" modifications). *But see In re Franklin*, 459 B.R. 463, 464-68 (Bankr. D. Nev. 2011) ("reluctantly" holding that any Chapter 13 plan modification requires notice pursuant to Rule 2002(b)(3), regardless of materiality).

United States District Court
Northern District of California

confirmed.  But the bankruptcy court did not abuse its discretion by confirming the Plan.  It reasonably considered the proper factors and did not make findings of fact and conclusions of law that were "illogical, implausible, or without support in inferences that may be drawn from facts in the record."  *See United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc); *In re Christiansen*, ECF No. 124.  Silva challenges the treatment of her own claim, but she never filed a formal proof of claim or a motion for leave to file a late claim.  Confirmation of a Chapter 11 plan does not require considering "individuals who are only hypothetically creditors."  *See In re Marshall*, 721 F.3d at 1046.

Silva also contends Christiansen's attorney was not authorized to file adversary proceedings, but the bankruptcy court authorized his attorney to "bring such actions . . . as may arise during these proceedings."  *See In re Christiansen*, ECF Nos. 20 ¶ 3, 27.

## III.   CONCLUSION

For the foregoing reasons, the bankruptcy court's order confirming the Fourth Amended Plan is **AFFIRMED**.  To the extent that Silva can receive relief, she must seek leave in the bankruptcy court to amend a prior informal proof of claim, should one exist, or to file a late proof of claim.

**IT IS SO ORDERED.**

Dated: March 27, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California